IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VINCENT R. COOPER,                    *

    Petitioner,                    *

                         Crim. Action No. 14-0389
    v.                    *     Civ. Action No. 17-3580

UNITED STATES OF AMERICA,             *

    Respondent.                    *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

On January 28, 2015, Vincent R. Cooper ("Petitioner" or "Cooper") pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846. (ECF No. 139.) On April 7, 2015, this Court sentenced Petitioner to one-hundred and thirty-two (132) months imprisonment. (ECF No. 220.) On December 1, 2017, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 asserting that his guilty plea was not knowing, voluntary and intelligent because the government's failure to produce a "tally sheet" before his guilty plea violated *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).[1] (ECF No. 474.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). Due to the United States Court of Appeals for the Fourth Circuit's holding in *United States v. Cannady*, 719 F. App'x. 237 (4th Cir. 2018) that found the government's failure to produce the tally

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963) held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87.

sheet was not a *Brady* violation in Petitioner's co-defendants' case and the reasons stated herein, Petitioner Cooper's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 474) is DENIED.

## BACKGROUND

On August 21, 2014, Petitioner Cooper and eight co-defendants were charged with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Heroin, in violation of 21 U.S.C. § 846.[2] Four of the Petitioner's co-defendants ("co-defendants") did not plead guilty, and instead proceeded to trial. On March 20, 2015, after a nine day trial, a jury convicted the co-defendants. (ECF No. 201.) Subsequently, in January 2016, the Government produced a tally sheet[3] and disclosed it to the co-defendants (ECF No. 364), who then filed a Motion for New Trial. (ECF No. 373.) This Court granted the Motion for New Trial finding that the failure to disclose the tally sheet before trial violated *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963). (ECF No. 403.) The government appealed this Order. (ECF No. 409.) While the appeal was pending in the Fourth Circuit, Petitioner was informed of the subsequently disclosed tally sheet and the co-defendants' successful Motion for New Trial. (ECF No. 451.) Petitioner requested and was appointed counsel to pursue a Motion to Vacate Under 28 U.S.C. § 2255. (ECF No. 460.)

On December 1, 2017, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, arguing that because the subsequent production of the

---

[2] Each Defendant was additionally charged with Attempted Possession with Intent to Distribute heroin and/or Cocaine, in violation of 21 U.S.C. § 846. (ECF No. 70.)

[3] The tally sheet was a piece of paper seized by the Federal Bureau of Investigation during the execution of a search warrant at the government's key witness' residence. The witness "advised that the document reflected notations as to payments received for portions of drugs sold and any money shortages regarding those payments" (ECF No. 364.)

tally sheet violated *Brady*, his guilty plea was not knowing, voluntary and intelligent. (ECF No. 474.) In March 2018, however, pursuant to the government's appeal, the Fourth Circuit in *United States v. Cannady*, 719 F. App'x. 237 (4th Cir. 2018) held that the failure to disclose the tally sheet did not violate *Brady*, reversing this Court's Order granting the co-defendants' Motion for New Trial.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States,* 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

## ANALYSIS

Petitioner Cooper's only claim is that his guilty plea was not knowing, voluntary and intelligent because the government withheld material exculpatory information, thereby violating *Brady*. Therefore, this Court must determine whether the government's failure to submit the tally sheet until after Petitioner's guilty plea and conviction constitutes a *Brady* violation. In light of the Fourth Circuit's holding in *United States v. Cannady*, 719 F. App'x. 237 (4th Cir. 2018), Petitioner's argument is without merit.

"The Constitution insists … that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). "[A] *Brady* violation contains three elements: the evidence was (1) favorable to the accused, (2) suppressed by the government, and (3) material to the verdict at trial." *Nicolas v. Attorney Gen. of Md.*, 820 F.3d 124, 129 (4th Cir. 2016). The *Cannady* court held that the evidence of the tally sheet was not material to the verdict at trial because the tally sheet was of "inconclusive impeachment value … [and] [i]ts nondisclosure does not 'put the whole case in such a different light as to undermine confidence in the verdict.'" *Cannady*, 719 F. App'x. at 240-41 (citing *Kyles v. Whitley*, 514 U.S. 419, 421 (1995)). Thus, the government's failure to disclose the tally sheet was held not to be a *Brady* violation. *Id.*

Because the subsequent disclosure of the tally sheet was not a *Brady* violation, Petitioner's claim that his guilty plea was not knowing, voluntary and intelligent is without merit. Therefore, Petitioner has not suffered a "miscarriage of justice" and is not entitled to relief under this claim. For this reason, Petitioner's pending Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 474) is DENIED.

## CONCLUSION

For the reason stated above, Petitioner Cooper's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 474) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Cooper's claim debatable, a certificate of appealability is DENIED.


Dated:       June 8, 2018


/s/_____
Richard D. Bennett
United States District Judge